UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------x
JOYCE BOTTI

                                Plaintiff,

    -v.-

NORTHLAND GROUP, INC.

                              Defendant.
------------------------------------------------------------------------x

CIVIL ACTION

**COMPLAINT**

Plaintiff Joyce Botti ("Plaintiff") by and through her attorneys, RC Law Group, PLLC, as and for her Complaint against Defendant Northland Group, Inc. ("Defendant") respectfully sets forth, complains and alleges, upon information and belief, the following:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, as well as 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.

2. Venue is proper in this judicial district because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Plaintiff brings this action for damages and declaratory and injunctive relief arising from the Defendant's violation(s) of 15 U.S.C. § 1692 *et seq.*, commonly known as the Fair Debt Collections Practices Act ("FDCPA").

1

## PARTIES

4. Plaintiff is a resident of the State of Connecticut, residing in the County of New Haven.

5. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address at 7831 Glenroy Road, Suite 250, Edina, MN, 55439.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

7. On information and belief, on a date better known to Defendant, Defendant began collection activities on an alleged consumer debt from the Plaintiff ("Alleged Debt").

8. The Alleged Debt was incurred as a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

9. On or around September 9, 2015, Plaintiff received a telephone call from a debt collector employed by Defendant (the "Caller").  Upon information and belief, the purpose of this call was to collect the Alleged Debt.

10. After Plaintiff had identified herself, the Caller stated that she was calling from Northland Group.

11. The Caller requested Plaintiff's address, and subsequently, her date of birth and social security number.

12. At no point during the conversation did the Caller disclose that the call was from a debt collector as required by 15 U.S.C. § 1692e(11).  During the course of the call, Plaintiff asked about the purpose of the call no fewer than three times.

13. As a result of Defendant's improper debt collection practices described above, Plaintiff has been damaged.

*Respondeat Superior Liability*

14. The acts and omissions of the debt collectors employed as agents by Defendant who communicated with Plaintiff as described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant.

15. The acts and omissions by these debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant in collecting consumer debts.

16. By committing these acts and omissions against Plaintiff, the debt collectors were motivated to benefit their principal, Defendant.

17. Defendant is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions committed in violation of state and federal law by Defendant and its collection employees, including but not limited to violations of the FDCPA, in their attempts to collect the Alleged Debt from Plaintiff.

**FIRST CAUSE OF ACTION**
**(Violations of the FDCPA)**

18. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein with the same force and effect as if the same were set forth at length herein.

19. Defendant's debt collection efforts attempted and/or directed towards Plaintiff violate various provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692d, 1692e, 1692e(10), 1692e(11).

20. As a result of the Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## DEMAND FOR TRIAL BY JURY

21. Plaintiff demands and hereby respectfully requests a trial by jury for all claims and issues in this complaint to which Plaintiff is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

a) For actual damages provided and pursuant to 15 U.S.C. § 1692k(a)(1);

b) For statutory damages provided and pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) For attorney fees and costs provided and pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that the Defendant's practices violated the FDCPA; and

e) For any such other and further relief, as well as further costs, expenses and

disbursements of this action as this Court may deem just and proper.

Dated: Waterbury, Connecticut
November 19, 2015

                        Respectfully submitted,

                        */s/Raphael Deutch*
                        **RC Law Group, PLLC**
                        By: Raphael Deutsch
                        301 Highland Avenue
                        Waterbury, CT, 06708
                        Phone: 201.282.6500 ext. 201
                        Fax: 201.282.6501
                        *Attorneys for Plaintiff*